IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| REAGAN PHARMACY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 1:13-cv-848-WHA |
| | ) | |
| FRED'S STORES OF TENNESSEE, INC. | ) | |
| and WES MADDOX, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This action is before the court on a Motion to Remand (Doc. # 8) filed by the Plaintiff,

Reagan Pharmacy, Inc ("Reagan Pharmacy"), on December 11, 2013.

The Plaintiff originally filed a Complaint in this case in the Circuit Court of Geneva

County, Alabama on October 18, 2013. The Plaintiff brings state claims for Specific

Performance (Count I), Breach of Contract (Count II), and Fraudulent Deceit (Count III).

On November 20, 2013, the Defendants timely removed the case to this court on the basis

of diversity jurisdiction, alleging that the individual defendant Wes Maddox ("Maddox"), a

resident of the State of Alabama, had been fraudulently joined as a defendant to defeat this

court's jurisdiction.

For reasons to be discussed, the Motion to Remand is due to be DENIED.

## II. MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

## III. FACTS

The Complaint alleges the following facts:

On or about February 22nd, 2013, the Plaintiff and the Defendants entered into a Sale and Purchase Agreement to sell the Plaintiff's pharmacy to the Defendant, Fred's Stores of Tennessee, Inc. ("Fred's"). On April 1, 2013, Maddox met with an employee of Reagan Pharmacy to discuss the completion of the Sale and Purchase Agreement. During that discussion, the Reagan Pharmacy employee told Maddox about a competing pharmacy that was opening up near Reagan Pharmacy. Maddox immediately ended the conversation and said that he had to leave and would return after lunchtime. This representation was made in order and for the purpose of informing Fred's of the competing pharmacy. Maddox did not return after lunch, and Fred's contacted Reagan Pharmacy the next day and announced that the sale was off.

## IV. DISCUSSION

"Except as otherwise expressly provided by Act of Congress," a defendant may remove from state court any civil case that could have originally been brought in federal court. 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Here, Plaintiff Reagan Pharmacy is an Alabama Corporation with its principal place of business in Alabama. Defendant Fred's is a Tennessee Corporation with its principal place of business in Tennessee. Defendant Maddox is a citizen of Alabama. Thus, on the face of the pleadings, the parties in this case are not completely diverse, and removal would normally be precluded.

However, if joinder of the non-diverse party is "fraudulent," then removal may still be appropriate. *Id.* "To establish fraudulent joinder, 'the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (alteration in original) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). In a third situation, joinder may also be fraudulent "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287. The defendant has a heavy burden, and "[t]o determine whether the case should be remanded, the

district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538. "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287. But, if the defendant is found to have been fraudulently joined, "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

In this case, the Complaint alleges causes of action against Defendants Maddox and Fred's for Specific Performance, Breach of Contract, and Fraudulent Deceit. The Defendants only assert the first form of fraudulent joinder, namely that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Stillwell*, 663 F.3d at 1332. For the following reasons, the court finds that Reagan Pharmacy has no possibility of proving a claim against Maddox for any of the three causes of action. Thus, Maddox's citizenship should be ignored, diversity of citizenship is satisfied, and this case was properly removed to this court.

### A. Breach of Contract and Specific Performance

In the Complaint, Reagan Pharmacy alleges that, "[a]fter negotiations in regard to the contract [in this case], Defendants drafted [the contract] and forwarded it to Plaintiff for signature." (Doc. # 1-1 ¶ 6) The Complaint then alleges a number of actions undertaken by the Defendants to "show[] their mutual assent to the terms and conditions of the contract." (*Id.* ¶ 7) Further, the Complaint alleges that the "Defendants breached the agreement by failing to abide

by the material terms and by failing to pay the agreed price." (*Id.* ¶ 11) Based on these allegations, the Plaintiff brings claims for breach of contract and specific performance.

Maddox cannot be held liable for any contract claim because Maddox is only alleged to have acted as the agent or employee of the disclosed principal, Fred's. Indeed, in the Complaint itself, the Plaintiff states that "Maddox[,] at all times mentioned [therein], was an agent, servant or employee of Fred's, acting in the line and scope of his employment." (Doc. # 1-1 ¶ 3) Under Alabama law, "[a]n agent acting with actual or apparent authority who enters a contract on behalf of a principal binds the principal but not himself." *Lee v. YES of Russellville, Inc.*, 784 So. 2d 1022, 1027 (Ala. 2000). However, if the agent does not disclose either that he or she works for a principal or the identity of the principal, then both the agent and the principal are bound by the contract. *Willis v. Parker*, 814 So. 2d 857, 864 (Ala. 2001).

First, there is no allegation or suggestion that Maddox failed to disclose that he was working for a principal or that Fred's was the principal. Rather, the Plaintiff asserts in brief that Maddox "met and discussed with [one Reagan Pharmacy employee] the procedure for the completion of the contract" and that Maddox's plans to "meet[] with Reagan Pharmacy employees to introduce them to Fred's as well as [to] begin[] the process of obtaining background tests and drug screens" were formed "for the purpose of completing the Sale and Purchase." (Doc. # 8-1 at 4) The Sale and Purchase Agreement attached to the Complaint (Doc. # 1-1) is specifically stated to be between Reagan Pharmacy and Fred's. Thus, there is no possibility that Maddox did not disclose either that he was working for a principal or that Fred's was the principal.

Second, because Maddox worked for Fred's as the disclosed principal, Maddox cannot be bound by the contract. *Lee*, 784 So. 2d at 1027. Instead, only Fred's is bound as the principal,

and only Fred's may be found liable for any claims arising from the contract. Thus, Reagan Pharmacy has no possibility of proving a contract claim against Maddox.

## B. Fraudulent Deceit

The Complaint next alleges that Maddox and a Reagan Pharmacy employee "were discussing the completion of the Sale and Purchase Agreement" when "Maddox was told that a competing pharmacy was locating" nearby. (Doc. # 1-1 ¶ 13) As a result, "Maddox immediately ended the conversation and represented and stated that he had to leave and would return after lunch." (*Id.*) According to the Complaint, "[s]uch representation was made in order and for the purpose of informing Fred's of the competing pharmacy." (*Id.*) Maddox did not return after lunch, and Fred's contacted Reagan Pharmacy the next day to announce that the deal would no longer occur. Based on these allegations, the Plaintiff brings a claim for fraudulent deceit against the Defendants because "Maddox's representation was false; it was material to [the Sale and Purchase Agreement]; it was relied on by Plaintiff in regard to [the Agreement;] and Plaintiff suffered damages as a proximate result thereof." (*Id.*) In addition to the claim as alleged, in its briefs the Plaintiff argues that "Maddox suppressed the fact that Fred's would not complete the Sale and Purchase contract." (Doc. # 8-1 at 4)

The Defendants argue that no suppression claim has been alleged and that the Plaintiff cannot prove reliance.

There is no possibility that a state court would find that Reagan Pharmacy has alleged a claim for fraudulent deceit against Maddox, because Reagan Pharmacy has not alleged facts to show that it detrimentally relied on either Maddox's promise to return from lunch or, to the extent the claim has been alleged, his alleged suppression of Fred's intent not to go forward with

the Agreement. Reasonable reliance is "[a]n essential element of any fraud claim." *Mantiply v. Mantiply*, 951 So. 2d 638, 658 (Ala. 2006). "Reliance requires that the misrepresentation actually induced the injured party to change its course of action." *Hunt Petroleum Corp. v. State*, 901 So. 2d 1, 4 (Ala. 2004). Thus, if the plaintiff "'would have adopted the same course irrespective of the misrepresentation and would have sustained the same degree of damages anyway, it [cannot] be said that the misrepresentation caused any damage, and the defendant will not be liable therefor.'" *Id.* (quoting *Shades Ridge Holding Co. v. Cobbs, Allen & Hall Mortg. Co.*, 390 So. 2d 601, 611 (Ala. 1980)). In this case, the Complaint fails to allege any fact to show that the Plaintiff changed its course of action based on Maddox's actions. *See Crowe*, 113 F.3d at 1538 (requiring the Complaint to state a cause of action against a resident defendant in order to find that joinder was proper). Further, because the actions complained of in this suit occurred more than one month after Reagan Pharmacy alleges it sent the completed Sale and Purchase Agreement to the Defendants and because the Plaintiff's claimed damages from breach of the Agreement would have been the same regardless of whether Maddox had failed to return after having said he would do so, Reagan Pharmacy cannot show how Maddox's actions in April were "relied on by Plaintiff in regard to [the Agreement]." (Doc. # 1-1 ¶ 13) There are simply no facts alleged of Reagan Pharmacy detrimentally relying in any way before Fred's refused to complete the purchase on Maddox's statement that he would return after lunch. As a result, the Plaintiff has no possibility of proving a claim against Maddox for fraudulent deceit under the theory pled, or the theory argued in brief.

**C. Fraudulent Joinder and Diversity of Jurisdiction**

For the reasons discussed, the court finds that the Plaintiff has no possibility of proving claims for specific performance, breach of contract, or fraudulent deceit against Defendant Maddox. Therefore, this court finds that Maddox was fraudulently joined under Eleventh Circuit law and that, as a result, Maddox's citizenship should be ignored for the diversity-of-citizenship analysis. Because the amount-in-controversy of at least $800,000 in claimed damages exceeds the statutorily required amount of $75,000 and because Fred's, a citizen of Tennessee, and Reagan Pharmacy, a citizen of Alabama, are completely diverse, this court has diversity jurisdiction.

**V. CONCLUSION**

For the stated reasons, it is hereby

ORDERED that Plaintiff Reagan Pharmacy's Motion to Remand is DENIED, and the case will continue in this court.

DONE this 27th day of January, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE